UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 12-CR-00146 |
| | * | |
| VERSUS | * | JUDGE FOOTE |
| | * | |
| ALEXANDER DERRICK REECE | * | |
| DREW T. GREEN | * | MAGISTRATE JUDGE HANNA |
| THOMAS WILLIAM MALONE, JR. | * | |
| BOYD ANTHONY BARROW | * | |
| JOSHUA ESPINOZA | * | |
| CURIOUS GOODS, LLC | * | |
| RICHARD JOSEPH BUSWELL | * | |
| DANIEL JAMES STANFORD | * | |
| DANIEL PAUL FRANCIS | * | |
| BARRY L. DOMINGUE | * | |

**RESPONSE TO POST-HEARING BRIEF
WITH INCORPORATED MEMORANDUM**

NOW INTO COURT, comes the United States, through the undersigned Assistant United States Attorneys for the Western District of Louisiana who state in response to Defendant Stanford's Post-Hearing Brief (Rec. Doc. 602), the following:

On July 8, 2013, the Defendant, Daniel James Stanford, submitted a post-hearing brief related to the hearing of his motion to dismiss for prosecutorial misconduct. In his post-hearing brief, the Defendant did not cite a single case supporting his frivolous claim of prosecutorial misconduct, (hereafter motion to

dismiss). The United States will address the arguments presented in the brief.

**DEFENSE ARGUMENTS**:

1) The Indictment should be dismissed because the United States knew that defendant, Richard Buswell, was represented by Stanford, and as a result had no right to speak to him without his attorney present.

2) Assistant District Attorney Alan Haney did not give William White the forfeiture documents to be served personally on Richard Buswell, and that he intentionally lied under oath when he claimed that he had in fact contacted White and told him to serve Buswell personally.

3) The Indictment should be dismissed because Special Agent Don DeSalvo intentionally lied during the hearing on the motion to dismiss as well as previous hearings related to the above entitled Superseding Indictment.

**RESPONSE TO DEFENSE ARGUMENTS**

**1. The Indictment should be dismissed because the United States knew that the defendant, Richard Buswell was represented by Stanford, and as a result had no right to speak to him without his attorney present.**

The United States first notes that the defendant cites not a single case in support of his position that the recording of Buswell, based on the time and in the manner conducted, would justify the dismissal of the Indictment. This is perhaps because there are no Fifth Circuit cases that support his position. The un-rebutted evidence presented at the hearing on the motion to dismiss was that Richard Buswell was not charged with a violation of law in state or federal court related to

the distribution of synthetic cannabinoids. Although evidence had been seized by law enforcement in connection with the investigation of Richard Buswell and those distributing the synthetic cannabinoids sold at Curious Goods, no formal charges had been filed in either State or Federal Court.

In *United States v. Johnson*, 68 F.3d 899 (5th Cir. 1995), the government made consensual recordings of conversations between a cooperating witness and Johnson. At that time, Johnson was represented by an attorney, though he had not yet been indicted. After he was indicted, Johnson moved to dismiss the indictment, asserting that the government had violated Texas Rule 4.2 and had interfered in his attorney-client relationship. The district court denied the motion, and the Fifth Circuit affirmed the decision finding that, "[s]uch professional disciplinary rules do not apply to government conduct prior to indictment . . . ." *Johnson*, 68 F.3d at 902. Further, the Court found that Johnson could not establish prejudice as the recorded conversations were not introduced at the trial, Johnson was not induced to cooperate with the government and he had not demonstrated how the pre-indictment contact had prejudiced his defense at trial.[1]

---

[1] The United States has already agreed not to introduce the recorded statements of the defendant Buswell that are the subject of this motion.

**2. Assistant District Attorney Alan Haney did not give William White the forfeiture documents to be served personally on Richard Buswell, and that Haney intentionally lied under oath when Haney claimed that he had in fact contacted White and told him to serve Buswell personally.**

Stanford desperately attempts to discredit Assistant District Attorney Alan Haney's testimony. He argues that Haney lied when he stated that he told William White to serve Richard Buswell personally. Stanford claims that because he represented Buswell, Haney had no reason to serve Buswell personally. Instead, Stanford argues service should have occurred through Buswell's attorney, Stanford, target of the same investigation. The Government has repeatedly demonstrated that Stanford's argument is flawed. There was no state criminal case against Buswell. Stanford could not represent Buswell in a case that did not exist. As Haney explained, because there was no pending criminal case, personal service was the only way he believed service was proper.

Stanford also argues that Haney never presented White with the seizure paperwork which was ultimately served and was lying in the hearing because the document which was served was legally defective. This argument is equally without merit. As testified to by Haney, the seizure warrant that was used was a form that he had used repeatedly as an Assistant District Attorney responsible for forfeitures. When Haney discovered the flaw in the document, he had White serve a corrected version of the document to Buswell. Other than baseless allegations, there is no merit for the argument that Alan Haney was intentionally committing perjury

when he testified. Just the opposite, the undersigned would suggest that it was clear to everyone, including this Honorable Court, that Haney was describing the way he perfected service in all cases involving forfeiture allegations that are instituted prior to formal criminal charges being filed.

**3.    The Indictment should be dismissed because Special Agent DeSalvo intentionally lied during the hearing on the motion to dismiss as well as previous hearings related to the above entitled Indictment.**

Much like with his analysis of Alan Haney's testimony, the defense makes baseless allegations of perjury on the part of Special Agent Donald DeSalvo. To support this allegation, Stanford quotes DeSalvo's testimony in which he states: "I told the story," arguing that this is somehow the "smoking gun" demonstrating the untruthfulness of Special Agent DeSalvo. That quote, which was taken out of context, was anything but a "smoking gun."

During the hearing, Special Agent DeSalvo was cross examined by Stanford about the origin of information he had testified about during a prior hearing. In explaining the basis for his prior testimony, Special Agent DeSalvo described recounting multiple "stories" he was told by co-conspirators when they were questioned. He then described his prior testimony, recounting what he learned from all of those stories. This does not suggest that Special Agent DeSalvo was lying. In fact, just the opposite; the statement simply explained the basis of his prior testimony.

The Court heard Special Agent DeSalvo's testimony, including a lengthy cross examination in which Stanford unsuccessfully attempted to impeach DeSalvo. Special Agent DeSalvo was nothing but truthful when he testified before this Honorable Court. The cross examination questions thrown at Special Agent DeSalvo by the defense were simply an unsuccessful attempt at impeaching a nothing but credible witness.

**CONCLUSION**

Stanford's motion to dismiss, including this supplement, should be dismissed in its entirety. Stanford has not set forth any facts or case law that would warrant the dismissal of the Government's indictment. Further, Stanford did not cite to one single case or make any new arguments in his supplemental brief. All that Stanford presented in his supplemental brief is generalized, unsupported allegations, that Assistant District Attorney Alan Haney and Special Agent Don DeSalvo are liars. This Court should view this supplemental brief as nothing more than an unsubstantiated allegation that is not supported in fact or with law.

WHEREFORE, the government would request that this honorable court find the testimony of Assistant District Attorney Alan Haney and Special Agent Don DeSalvo credible and that Stanford's motion to dismiss be denied in its entirety.

Respectfully submitted,

STEPHANIE A. FINLEY
United States Attorney


s/John Luke Walker
JOHN LUKE WALKER, Bar No. 18077
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
Telephone: (337) 262-6618

s/J. Collin Sims
J. COLLIN SIMS, Bar No. 30727
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
Telephone: (337) 262-6618

CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2013, a copy of the foregoing motion was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the court's electronic filing system.

s/J. Collin Sims
J. Collin Sims, Bar No. 30727
Assistant United States Attorney