UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 12-CR-00146 |
| | * | |
| VERSUS | * | JUDGE FOOTE |
| | * | |
| CURIOUS GOODS, LLC | * | MAGISTRATE JUDGE HANNA |
| DANIEL JAMES STANFORD | * | |
| DANIEL PAUL FRANCIS | * | |
| BARRY L. DOMINGUE | * | |

**<u>GOVERNMENT'S SUPPLEMENTAL BRIEFING ON STANDING ISSUES</u>**

**BACKGROUND**

The Court requested supplemental briefing on the issue of standing at it pertains to various motions filed by Defendants Buswell and Reece that have been adopted by other defendants. The original motions can be found at the following record document numbers: 250, 294, 297, 321, and 322.

When defendants filed motions to adopt, they did not state any additional facts or circumstances indicating whether the adopting defendant had standing other than those that had been raised by the moving defendant in the original motion. Instead, each defendant moved to adopt their co-defendants' motions with a generic request for the Court. For example:

> DANIEL JAMES STANFORD (hereinafter "Stanford"), pro se, and hereby moves to adopt the Motion to Dismiss Money Laundering Counts (Doc. 294 and Memorandum in Support, Doc. 294-1), filed by co-defendant, Richard Joseph Buswell, to the extent that it may relate and be applicable to Stanford. In addition, Stanford respectfully requests this Honorable Court to consider all arguments and objections made during any hearing held in relation to Richard Joseph Buswell's

1

    Motion to Dismiss Money Laundering Counts (Doc. 294 and Memorandum in Support, Doc. 294-1) shall enure (sic) to the benefit of and be treated as if made by him, and for full general and equitable relief.

(Rec. Doc. 341)

The Court requested additional briefing on whether each adopting defendant has standing. As more fully discussed below, some motions should be dismissed for lack of standing.

## FACTS AND PROCEDURAL HISTORY

I.  **FACTS AND PROCEDURAL HISTORY RELEVANT TO REC DOC. 250 – BUSWELL'S MOTION TO SUPPRESS STATEMENTS.**

On March 20, 2013, Defendant Buswell filed a motion to suppress statements obtained by law enforcement while he was incarcerated. (Rec. Doc. 250) Defendant Stanford filed a motion to adopt Buswell's motion. (Rec. Doc. 338) On April 1, 2013, the Court granted the adoption. (Rec. Doc. 346) The Government indicated that it will not seek admission of the statements at issue in Buswell's motion in its case in chief; therefore, the Government argued that Buswell's motion was moot. (Rec. Doc. 406)

II.  **FACTS AND PROCEDURAL HISTORY RELEVANT TO REC DOC. 294 – BUSWELL'S MOTION TO DISMISS MONEY LAUNDERING COUNTS.**

On March 28, 2013, Defendant Buswell filed a motion to dismiss money laundering counts. (Rec. Doc. 294) In the motion, Buswell argued that the specified unlawful activity identified in the indictment was, in fact, according to Buswell, not unlawful. Additionally, Buswell claimed that the "safe harbor" provision of 18 U.S.C. § 1957(f)(1) should apply, arguing that transactions between Stanford and

2

Buswell were for the purposes of legal representation and not a "monetary transaction" under 18 U.S.C. § 1957. Defendants Reece, Curious Goods, LLC, Stanford, and Domingue filed motions to adopt Buswell's motion to dismiss. (Rec. Docs. 311, 320, 341, 358) On April 1 and April 9, 2013, the Court granted the motions to adopt. (Rec. Docs. 332, 346, 379)

### III. FACTS AND PROCEDURAL HISTORY RELEVANT TO REC DOC. 297 – BUSWELL'S MOTION TO DISMISS COUNT TWO OF THE SUPERSEDING INDICTMENT.

On March 29, 2013, Defendant Buswell filed a Motion to Dismiss Count Two. (Rec. Doc. 297) This motion alleged that the "misbranded drugs" named in the indictment were not, in fact, drugs. Defendants Reece, Stanford, and Domingue filed motions to adopt Buswell's motion to dismiss. (Rec. Docs. Doc. Nos. 312, 337, 362) On April 1 and April, 9, 2013, the Court granted the motions to adopt. (Rec. Docs. 332, 353, 379)

### IV. FACTS AND PROCEDURAL HISTORY RELEVANT TO REC DOC. 321 – REECE'S MOTION TO SUPPRESS EVIDENCE AND REQUEST FOR A HEARING PURSUANT TO *FRANKS V. DELAWARE*.

On March 27, 2013, Defendant Reece filed a Motion to Sever. (Rec. Doc. 287) Two days later, on March 29, 2013, Defendant Reece filed a motion to suppress evidence requesting a hearing pursuant to *Franks v. Delaware*. *See* (Rec. Doc. 321); *Franks v. Delaware*, 438 U.S. 154 (1978). In his motion, Reece sought suppression of evidence seized from multiple business offices in Gainesville, Florida. Defendants Stanford and Domingue filed motions to adopt Reece's motion for a *Franks* hearing. (Rec. Docs. 352, 363) In their motions to adopt, Stanford and Domingue do not claim an ownership or property interest in the places searched or

3

the property seized that Reece identified in his original motion to suppress. On April 1 and April 9, 2013, the Court granted Stanford and Domingue's motions to adopt. (Rec. Docs. 353, 379) On June 19, 2013, the Court granted Reece's motion to sever. (Rec. Doc. 579)

V. **FACTS AND PROCEDURAL HISTORY RELEVANT TO REC. DOC. 322 – BUSWELL'S MOTION TO SUPPRESS SEARCH WARRANTS AND EVIDENCE GATHERED FROM THEIR EXECUTION.**

On March 29, 2013, Defendant Buswell filed a motion to suppress evidence seized from Curious Goods locations, warehouses, and Richard Buswell's home. (Rec. Doc. 322) Domingue filed a motion to adopt Buswell's motion to suppress. (Rec. Doc. 364) On April 9, 2013, the Court granted Domingue's motion to adopt. (Rec. Doc. 379) In his motion to adopt, Domingue failed to identify any ownership or property interest in the places searched or the property seized that Buswell identified in his original motion to suppress.

## LAW AND ARGUMENT

To establish standing under Article III of the Constitution a party must establish three things:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly…trace[able] to the challenged action of the defendant, and not…th[e] result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotations and citations omitted).

Many constitutional rights "are personal rights which…may not be vicariously asserted." *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978). Where a defendant is only harmed through the introduction of incriminating evidence that was secured by a violation of a third–party's personal constitutional rights, the defendant has not suffered an infringement of his own constitutional rights. *Id.* at 134. Therefore, Courts will "permit only defendants whose Fourth Amendment rights have been violated to benefit from the [exclusionary] rule's protections." Similarly, where courts deal with other personal constitutional rights—such as the right to counsel and the privilege against self-incrimination, only a person whose rights were violated has standing to challenge the admission of incriminating evidence. *See United States v. Johnson*, 267 F.3d 376, 380 (5th Cir. 2001)(the Sixth Amendment right to counsel is personal and thus could not be asserted by co-defendants who claimed they were harmed by denial of another defendant's access to counsel); *United States v. Cardenas Alvarado*, 806 F.2d 566, 574 (5th Cir. 1986)(Cardenas did not have standing to object to statements that violated his co-defendants' Fifth Amendment rights against self-incrimination).

Many of the motions currently pending were filed by Defendant Buswell, who entered a guilty plea mooting the motions as to Defendant Buswell. Buswell's entry of a guilty plea does not affect the validity of the Court's orders granting the motions to adopt, nor does it affect whether the adopting party has standing to

5

assert the claim within the motion. Even if a defendant is permitted to adopt a motion, that does not mean he is entitled to relief or that he has standing to raise the claim within the original motion. Whether a defendant is entitled to relief depends, as a threshold matter, on whether he has Article III standing. Even assuming that the motions to adopt were properly granted, the adopting defendant must, nevertheless, establish a legally protected interest at stake sufficient to establish standing under Article III of the Constitution.

The motions to adopt contain no additional facts or argument indicating whether the adopting defendant has standing, rather each motion requests the Court consider the motion of a co-defendant "to the extent that [they] may relate and be applicable to [the adopting defendant]." (Rec. Docs. 311, 338, 341, 363) Therefore, each adopting defendants' standing depends completely upon whether the defendant has standing in the most broad and generic sense. For example, if the mere fact that a defendant was indicted gives rise to standing to bring a claim, then the adopting defendant would have standing. On the other hand, if a claim involves personal constitutional rights or a government action against a single defendant, the motions to adopt are wholly inadequate for standing purposes.

**I.     REGARDING REC. DOC. NO. 250, STANFORD LACKS STANDING TO ASSERT THAT LAW ENFORCEMENT ALLEGEDLY VIOLATED BUSWELL'S FIFTH AND SIXTH AMENDMENT RIGHTS; HOWEVER, THIS COURT NEED NOT ADDRESS WHETHER STANFORD HAS STANDING BECAUSE THE GOVERNMENT IS NOT SEEKING TO ADMIT THE STATEMENTS AT ISSUE IN ITS CASE IN CHIEF.**

Prior to Buswell change of plea, the Government stated that it will not seek to introduce in its case in chief the statements at issue in Buswell's motion to suppress. Although Buswell has entered a guilty plea, the Government will not seek admission of the statements referenced in Buswell's motion to suppress. Therefore, as previously stated, Buswell's motion and the adopted motion are moot because the statements at issue in the motion will not be introduced in the government's case in chief.

Even if the Court would consider the merits of Buswell's motion, Stanford lacks standing to challenge a violation of Buswell's personal constitutional rights. In his motion, Buswell claims that law enforcement violated his Fifth Amendment privilege against self-incrimination and his Sixth Amendment right to counsel when they approached him while incarcerated and obtained statements from him without his lawyer present.

"[T]he Fifth Amendment privilege against self-incrimination … is a purely personal right." *Rakas*, 439 U.S. at 139, n.8 citing *Bellis v. United States*, 417 U.S. 85, 89–90 (1974); *Couch v. United States*, 409 U.S. 322, 327–328 (1973); *United States v. White*, 322 U.S. 694, 698–699 (1944). Likewise, "The Sixth Amendment right to counsel is personal to the defendant and specific to the offense." *Texas v. Cobb*, 532 U.S. 162, 172, n.2 (2001). "[T]he counsel provision [of the Sixth

7

Amendment] was embedded in a package of defense rights granted personally to the accused." *Faretta v. California*, 422 U.S. 806, 832 (1975). These personal constitutional rights "may not be vicariously asserted." *Rakas*, 439 U.S. at 134.

In adopting Buswell's motion, Stanford alleges that law enforcement violated Buswell's personal Constitution rights. Essentially, Stanford attempts to vicariously assert Buswell's personal constitutional rights. Because these rights are Buswell's (and his alone), Stanford lacks standing to challenge a violation of Buswell's personal constitutional rights.

II. **IN REC. DOC. NO. 294, BUSWELL'S MOTION TO DISMISS CONCERNS WHOLLY FACTUAL DISPUTES INAPPROPRIATE FOR A MOTION TO DISMISS; HOWEVER, THE DEFENDANTS WHO ADOPTED THE MOTION HAVE STANDING TO RAISE THE CLAIMS CONTAINED IN BUSWELL'S MOTION.**

In Buswell's motion to dismiss, he claimed—erroneously—that the specified unlawful activity alleged in the indictment was, in fact, not unlawful. All named defendants in the money laundering count have standing to make such an allegation. The fact that the defendant was named in the indictment establishes an alleged injury in fact sufficient to establish Article III standing. Although the defendants have standing, the merits of their claim are still lacking. (Rec. Doc. 409) Moreover, Buswell's motion to dismiss raises a wholly factual dispute that is a question for the jury that is an inappropriate ground for a motion to dismiss. *See United States v. Flores*, 404 F.3d 32, 325 (5th Cir. 2005)(questions of fact are generally improper for a pre-trial motion to dismiss).

**III. REGARDING REC. DOC. NO. 297, ALL DEFENDANTS WHO HAVE ADOPTED THIS MOTION HAVE STANDING.**

In Buswell's motion to dismiss, he claims—again erroneously—that Count Two ("the misbranding count") should be dismissed because the "misbranded drugs" named in the indictment were not, in fact, drugs. All named defendants in the misbranding count have standing to make such an allegation. The fact that a defendant was named in the indictment establishes an alleged injury in fact sufficient to establish Article III standing. Although the defendants have standing, the merits of their claim are still lacking. (Rec. Doc. 446) Moreover, the Court should not entertain the merits of the claim because whether the "misbranded drugs" named in the indictment are, in fact, drugs is a question of fact for the jury. *See Flores*, 404 F.3d at 325.

**IV. REGARDING REC. DOC. NO. 321, NEITHER STANFORD NOR DOMINGUE HAVE STANDING TO CHALLENGE THE SEARCHES EXECUTED IN GAINESVILLE, FLORIDA.**

In his motion, Reece claimed that he has standing to challenge the searches executed in Gainesville, Florida by asserting the following:

> As an initial matter, Mr. Reece built, owned, and occupied the business offices located at 6911 NW 22nd Street, Gainesville, FL. He was the lessee and occupant of 6921 NW 22nd Street, Gainesville, FL. These were the principal places of business for many businesses owned and operated by Mr. Reece. … Mr. Reece was on the premises when law enforcement executed the warrants. In addition to his privacy interest in his business items and communications, Mr. Reece held volumes of personal items in these offices, including in three locked safes, all of which were violently breached during the unlawful search. The office buildings were kept locked at all times except when Mr. Reece entered or authorized other employees to enter. At no time was property taken from the premises without Mr. Reece's permission.

*Id.* at 9.

This statement attempts to show an ownership or property interest in the places searched or the items seized. Stanford and Domingue have not established any similar interest in the property seized or the places searched in Gainesville, Florida. In fact, Stanford's and Domingue's motions to adopt are completely devoid of any particularized facts establishing a proprietary or privacy interest in the property searched and the items seized in Florida. Therefore, Stanford and Domingue do not have standing to challenge the searches conducted in Gainesville, Florida.

Although Reece may have standing to challenge the search, and may be entitled to a *Franks* hearing, Stanford and Domingue do not have standing, and thus, they are not entitled to a *Franks* hearing. *See United States v. Mastromatteo*, 538 F.3d (6th Cir. 2008)("standing is a prerequisite to granting a motion for a *Franks* hearing.").

V. **REGARDING REC. DOC. 322, DOMINGUE HAS FAILED TO ASSERT OWNERSHIP OF OR A PROPERTY INTEREST IN THE PROPERTY THAT WAS SEARCHED OR THE ITEMS THAT WERE SEIZED; THEREFORE, HE LACKS STANDING TO CHALLENGE THE SEARCHES OF THE CURIOUS GOODS LOCTIONS, WAREHOUSES, AND BUSWELL'S RESIDENCE.**

Domingue has no standing to challenge the searches of Curious Goods locations, warehouses, or Buswell's personal residence because he has failed to allege an ownership, proprietary, or privacy interest in the places searched or the items seized. Domingue asserted no dominion or control over these locations, and consequently, he has not established an injury sufficient to give rise to Article III

standing. *See* Argument, Part I, *supra*. Domingue cannot vicariously assert Buswell's or Curious Good's Fourth Amendment interests implicated when law enforcement executed the search warrants. Because Domingue lacks standing to challenge the searches at issue, the Court should deny Domingue's adopted motion for lack of standing.

## CONCLUSION

For the forgoing reasons, the United States respectfully requests that the Court find as follows:

- As to Rec. Doc. 250, this motion is rendered moot by the United States' assertion that it will not offer this evidence in its case-in-chief, even if the motion is not moot, neither Stanford nor Domingue have standing to seek the relief sought in the motion to suppress.

- As to Rec. Doc. 294, the adopting defendants have standing to adopt the motion; nevertheless, the motions raise a factual dispute that is inappropriate for a motion to dismiss.

- As to Rec. Doc. 297, the adopting defendants have standing to adopt the motion; nevertheless, the motions raise a factual dispute that is inappropriate for a motion to dismiss.

- As to Rec. Doc. 321, neither Stanford nor Domingue have standing to seek the relief sought in the motion, and consequently they are not entitled to a *Franks* hearing.

- As to Rec. Doc. 322, Domingue lacks standing to assert the claims within the motion.

Respectfully submitted,

STEPHANIE A. FINLEY
United States Attorney

*s/John Luke Walker*
JOHN LUKE WALKER, Bar No. 18077
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501-6832
Telephone:  337-262-6618

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2013, a copy of the foregoing motion was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to counsel of record by operation of the court's electronic filing system.

*s/John Luke Walker*
JOHN LUKE WALKER
Assistant United States Attorney