MINUTES (00:45)
September 13, 2013

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 12-00146 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| CURIOUS GOODS, LLC (06)<br>DANIEL JAMES STANFORD (08)<br>DANIEL PAUL FRANCIS (09)<br>BARRY L. DOMINGUE (10) | MAGISTRATE JUDGE PATRICK HANNA |

The Court held a telephone status conference in the above-captioned matter in chambers in Shreveport on September 13, 2013. John Luke Walker participated on behalf of the Government. Randal P. McCann participated on behalf of Curious Goods, LLC (06). Daniel James Stanford (08) participated on behalf of himself. Joseph N. Lotwick participated on behalf of Daniel Paul Francis (09). Barry L. Domingue and Donald Washington participated on behalf of Barry L. Domingue (10).

The purpose of this status conference was to discuss Defendant Francis' (09) recently filed Motion to Continue Hearings [Record Document 643], pertaining to hearings set for October 17-18, 2013 in Lafayette, as well as discuss other outstanding matters in the docket. At the outset, the Court confirmed for all parties that the Fifth Circuit has dismissed the interlocutory appeals,[1] filed on behalf of Defendants Domingue and Stanford,

---

[1] USCA Docket Nos. 13-30719 and 13-30852.

for lack of jurisdiction. Accordingly, there is no longer any basis for arguing that this Court has been divested of jurisdiction, if ever a valid argument existed.

With the above jurisdictional issue mooted, the Reports and Recommendations issued in May 2013 by Magistrate Judge Hanna are once again ripe for judgment by this Court. [See Record Documents 504, 505]. Those reports address substantive documents, Record Documents 294 and 297, for which the parties recently submitted briefing regarding the issue of standing. All parties concede that the relevant Defendants have the requisite standing to raise the issues argued therein. Accordingly, the Court will issue judgments adopting said reports forthwith.

The Court also addressed the Magistrate Judge's recently issued Report and Recommendation on Defendant Buswell's motion to suppress statements made to law enforcement officers while incarcerated. [Record Documents 641 (R&R) and 250 (substantive motion)]. The Court noted that the time period for objections to that report does not run until September 23, 2013. However, as all parties agree that the substantive motion is now moot, Defendant Stanford waived his right to object to the report as well as the time delays provided therefor. Accordingly, the Court will likewise issue a judgment adopting said report forthwith.

The Court then turned its inquiry to the hearings currently set for October 17-18, 2013. For the reasons that follow, the Court **GRANTED** the motion [Record Document 643] in part, according to the following specifications.

Attorney Joe Lotwick explained the basis for his motion to continue the October hearings, noting that the delayed receipt of the Fifth Circuit's approval of expert funding

ultimately formed the basis of his motion. Although just prior to this conference, the Fifth Circuit did approve Mr. Lotwick's motion, he still requests additional time on behalf of his expert to allow adequate preparation for the *Daubert* hearing. Upon inquiring as to the status of experts hired on behalf of Defendants Stanford and Domingue, the Court learned that each Defendant is merely in the consultation phase of hiring an expert, such that no Defendant is prepared to move forward with the *Daubert* hearing as scheduled. Counsel for the Government noted (a) that no other Defendant has joined in Defendant Francis' motion, or otherwise moved, to continue the *Daubert* hearing, and (b) that its experts were prepared to move forward with the *Daubert* hearing as scheduled. The Government further requested that the Court allow the parties to agree on multiple, potential dates on which to reset the *Daubert* hearing, as the Government will need time to consult with its own experts regarding their availability.

Accordingly, the Court **RESET** the hearing on the *Daubert* motion [Record Document 308] for a primary setting of **Thursday, January 9, 2013 at 9:00 a.m.** and an alternative setting of **Wednesday, December 11, 2013**, pending availability of the Government's experts. The Government should notify the law clerk via email **as soon as possible** regarding the viability of the primary *Daubert* setting. Regardless of the ultimate setting, and in accordance with prior Court order, all parties are to also notify the law clerk regarding the number and identity of all anticipated witnesses, **no later than two weeks prior to the hearing** (December 26, 2013 for the primary setting, November 27, 2013 for the alternative setting).

Regarding the motion for a *James* hearing [Record Document 285], currently scheduled for October 17, 2013, all parties agree that motion is still ripe for an October hearing with no need to continue. The Court inquired as to general necessity of the *James* hearing, specifically asking the Government whether the statements of alleged co-conspirators would be offered via live testimony of the speaker or through third party witnesses at trial. The Government represented that it intends to offer statements of both varieties, such that it believes the *James* hearing to still be necessary at this time. Should that position change after further pretrial preparations, the Government shall notify the Court **by October 1, 2013** whether the *James* hearing remains viable. The Government further confirmed for the Court that it intends to put on evidence of the underlying conspiracy at the time of that hearing, in order to satisfy the relevant legal standards. Accordingly, the *James* hearing [Record Document 285] is hereby **RESET** to begin at **9:00 a.m. on Friday, October 18, 2013** in Courtroom 3 in Lafayette.

The Court next revisited the issue of standing as it pertains to the final two motions currently set for hearings in October, specifically the motions to suppress filed by Defendants Reece and Buswell. [Record Documents 321 and 322, respectively]. As to Reece's motion, which was adopted by Defendants Domingue and Stanford and requests a *Franks v. Delaware* hearing, all parties concede that the remaining Defendants lack standing to challenge the search warrants at issue. Accordingly, the Court hereby **DENIES** Record Document 321. Regarding Buswell's motion, which was adopted by Defendants Domingue and Francis,[2] Francis concedes a lack of standing to challenge the search

---

[2] Although the Government's brief only addressed the issue of standing as it pertains to Defendant Domingue, the Court noted for the record that Defendant Francis also adopted Buswell's motion to suppress. [See

warrants at issue, while Domingue requested a ruling from the Court. As Defendant Domingue has failed to identify an ownership or property interest in the evidence gathered by execution of the search warrants in question, he has no standing to claim infringement of his Fourth Amendment rights. Accordingly, the Court hereby **DENIES** Record Document 322, finding that no remaining Defendant has the requisite standing.

**IT IS SO ORDERED.**

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

Record Documents 388, 401].